JOHN K. FLOCK ESQ. (SBN 200183)
THARPE & HOWELL, LLP
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
Email: jflock@tharpe-howell.com

Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA LARA, an individual,<br><br>                     Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE<br>CORPORATION, and DOES 1 to 50,<br>Inclusive,<br><br>                     Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTILTED COURT:

PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and sets forth in support of its Notice of Removal of Action the following:

**Complete Diversity Exists**

1.      This Notice of Removal is based in part, upon 28 U.S.C. § 1441(a) that states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.    District courts have original have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

3.    Plaintiff, Rosa Lara is a citizen of the state of California.

4.    Defendant, Costco Wholesale Corporation was, at the time of the filing of this action, and still is, a citizen of the state of Washington.  Defendant is a Washington corporation with its headquarters and principal place of business in Washington.

5.    Therefore, diversity of citizenship exists for purposes of removal of the state court action to this district court.

**Amount in Controversy Exceeds $75,000**

6.    Plaintiff's Complaint alleges two causes of action for premises liability and negligence against Defendant. (*See* Plaintiff's Complaint, Case No. 30-2022-01258529-CU-PO-CJC, Superior Court of California, County of Orange, page 1, attached as Exhibit A.)

12.    On June 15, 2020, Plaintiff, Rosa Lara alleges she was shopping at defendant's Warehouse located at 2700 Park Avenue, Tustin, California.  She contends a Costco employee was pushing numerous shopping carts and smashed her foot and toe.  (See Plaintiff's Complaint, Case No. 30-2022-01258529-CU-PO-CJC, Superior Court of California, County of Orange, page 2, attached as Exhibit A.)

13.    Plaintiffs alleges that she sustained serious bodily injuries and physical pain and suffering.  She further alleges that she sustained general damages, special damages, and personal property damages.  (See Plaintiff's Complaint, Case No. 30-2022-01258529-CU-PO-CJC, Superior Court of California, County of Orange, page 5, attached as Exhibit A.)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

14. On June 1, 2022, Defendant served a Request for Statement of Damages on plaintiff, Rosa Lara. (See Demand for Statement of Damages, attached as Exhibit B.)

15. On September 20, 2022, plaintiff, Rosa Lara served a Statement of Damages setting forth the following damages:

| | |
|---|---|
| Pain, suffering, inconvenience | $100,000.00 |
| Emotional distress | $100,000.00 |
| Medical expenses | Pending |
| Further medical expenses | Pending |

(See Statement of Damages, attached as Exhibit C.)

16. Plaintiff's Responses to written discovery put Defendant on notice that the amount in controversy exceeds $75,000.00.

17. Therefore, Plaintiff alleges damages that exceed the minimum amount in controversy requirements for purposes of removal of the state court action to this district court.

**Notice of Removal Is Timely**

18. On September 20, 2022, plaintiff, Rosa Lara served a Statement of Damages setting forth her alleged damages. (Exhibit C.)

19. The 30-day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable." 28 USC § 1446(b)(3). The removal period commences only when defendant is able "to intelligently ascertain" that plaintiff's claim exceeds $75,000 as the result of a voluntary act on plaintiff's part— e.g., sworn answers to interrogatories. Huffman v. Saul Holdings Ltd. Partnership (10th Cir. 1999) 194 F3d 1072, 1078.

20. This Notice of Removal is being filed within thirty (30) days after Defendant received Plaintiff's Responses to Interrogatories from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b).

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B))

**Other Requirements for Removal Are Met**

21.     Removal of this lawsuit to the United States District Court for the Southern District of California is proper as the Superior Court of the State of California, County of Orange, where the action was originally filed, is located in this district.

22.     Defendant is simultaneously filing a Notice of Removal to Federal Court with the Superior Court of the State of California, County of Orange, and it has given notice and served this pleading on Plaintiff. (A true and correct copy of the Notice to State Court of Removal to Federal Court filed with the Superior Court is attached hereto as Exhibit D.)

**Demand for Jury Trial**

23.     Separate and apart from removal requirements, counsel for Defendant demands a jury trial.

Dated:  September 22, 2022                           THARPE & HOWELL, LLP

By: _____
     JOHN K. FLOCK
     Attorneys for Defendant,
     COSTCO WHOLESALE
     CORPORATION

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

EXHIBIT A

1 │ Elie I. Aghabi, Esq., SBN: 298721
**AGHABI LAW, APC.**
2 │ A Professional Law Corporation
3450 Wilshire Boulevard, Suite 304
3 │ Los Angeles, CA 90010
Telephone: (323) 539-8529
4 │ Facsimile: (323) 879-4813

5 │ Attorneys for Plaintiff, ROSA LARA

6

7 │ **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 │ **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

**Assigned for All Purposes**
9 │ Judge Michael Strickroth

10 │ ROSA LARA, an Individual,                    Case No.: 30-2022-01258529-CU-PO-CJC

11 │                 Plaintiff,                   **PLAINTIFF'S COMPLAINT FOR DAMAGES:**

12 │      vs.

13 │ COSTCO WHOLESALE CORPORATION; and            **1. PREMISES LIABILITY**

14 │ DOES 1 to 50, Inclusive,
                                                 **2. GENERAL NEGLIGENCE**
15 │                 Defendants.
                                                 **[DEMAND FOR JURY TRIAL]**
16

17

18 │      Plaintiff, ROSA LARA, alleges and complains as follows:

19 │                          **GENERAL ALLEGATIONS**

20 │                                **PARTIES**

21 │      1.   ROSA LARA, hereinafter ("Plaintiff"), an individual, is and/or was, at all times relevant

22 │ herein, residing in Anaheim, CA 92802.

23 │      2.   Plaintiff is informed and believes, and upon such information and belief alleges that

24 │ Defendant, COSTCO WHOLESALE CORPORATION hereinafter ("COSTCO") and at all

25 │ times relevant herein is a *Washington* foreign stock Corporation bearing entity number

26 │ C1587907, qualified to do business and doing business in the State of California, County of

27 │ Orange, with its principal place of business located at 2700 Park Avenue, Tustin, CA 92782.

28 │      3.   The true names or capacities, whether individual, corporate, associate or otherwise, of

---

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendants named herein as DOES 1 to 50, Inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to state the true names and capacities when the same have been ascertained.

4.   Plaintiff is informed and believes, and upon such information and belief alleges that each of the Defendants designated herein as a DOE are legally responsible in some manner for the events and happenings referred to and legally caused injury and damages to Plaintiff as hereinafter set forth.

5.   Plaintiff is informed and believes, and upon such information and belief alleges that at all times material hereto Defendants, and each of them, were the agents and/or employees of their Co-Defendants, and in doing the things herein mentioned were acting in the course and scope of their authority as such agents and/or employees, and with the permission and consent of their Co-Defendants, and each of them.

## FIRST CAUSE OF ACTION

### (For Premises Liability Against All Defendants)

6.   Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

7.   At all times material hereto, Defendants, and DOES 1 to 50, Inclusive, and each of them, owned, operated, controlled, supervised and maintained the premises at the ("COSTCO") located at 2700 Park Avenue, Tustin, CA 92782, and the Defendants, and each of them, were owning, operating, controlling, supervising and maintaining said premises with the consent, permission and knowledge of each of the remaining Defendants, and each of them.

8.   On June 15, 2020, Plaintiff was lawfully and legally upon said premises as an invited guest of Defendants and each of them, located at 2700 Park Avenue, Tustin, CA 92782. At the time of the subject accident, Plaintiff was retrieving a shopping kart which was located in the front entrance of Defendants establishment. As Plaintiff was grabbing her shopping kart, an employee of Defendants pushed the karts he had brought from the parking lot and upon doing so smashed Plaintiff's foot/toe resulting in Plaintiff's injuries and related damages.

9.   At said premises, Defendants, and each of them, and DOES 1 to 50, inclusive, so

negligently, willfully, carelessly, recklessly, and unlawfully, owned, possessed, maintained, operated, supervised, managed, controlled, designated, constructed, assembled, installed, inspected and serviced said premises so as to proximately cause, permit and allow the same to be in a dangerous, and unsafe condition.

10. Plaintiff alleges that Defendants employees created the dangerous condition and failed to notify Plaintiff and other invited guests of the dangerous condition or in the alternative guard against said dangerous condition.

11. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in her health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

12. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

13. At the time of said accident/injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (For Negligence Against All Defendants)

14. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

15. At all times material hereto, Defendants, and DOES 1 to 50, Inclusive, and each of them, owned, operated, controlled, supervised and maintained the ("COSTCO") located at 2700 Park Avenue, Tustin, CA 92782, and the Defendants, and each of them, were owning, operating,

1   controlling, supervising and maintaining said premises with the consent, permission and
2   knowledge of each of the remaining Defendants, and each of them.

3       16. Plaintiff is informed and believes, and hereon alleges, that she was further injured due to
4   negligent acts or omissions by the agents, representatives or employees of Defendants, and each
5   of them.

6       17. Plaintiff is informed and believes, and hereon alleges, that at all relevant times
7   Defendants, and each of them, owed Plaintiff and other invited guests a legal duty and/or duties.
8   Plaintiff is further informed and believes that Defendants, and each of them, breached said duty
9   and/or duties.

10      18.  On June 15, 2020, Plaintiff was lawfully and legally upon said premises as an invited
11  guest of Defendants and each of them, located at 2700 Park Avenue, Tustin, CA 92782. At the
12  time of the subject accident, Plaintiff was retrieving a shopping kart which was located in the
13  front entrance of Defendants establishment. As Plaintiff was grabbing her shopping kart, an
14  employee of Defendants pushed the karts he had brought from the parking lot and upon doing
15  so smashed Plaintiff's foot/toe resulting in Plaintiff's injuries and related damages.

16      19. Defendants and each of them breached their duty of care to Plaintiff to maintain their
17  premises free of any hazardous and dangerous conditions that exposed Plaintiff and other
18  invited guests to injury. Defendants knew or should have known that pushing shopping karts
19  into other karts which were frequently being taken by invited guests, created a dangerous
20  condition  and exposed Plaintiff and other invited guests to serious injury and related damages.
21  Defendants employees failure to pay attention to their surroundings and look out for invited
22  guests while performing their job duties was a contributing factor to Plaintiff's injuries and
23  related damages. Defendants employees negligently, carelessly, and with complete disregard for
24  the safety of their invited guests performed their duties and in doing so, exposed Plaintiff and
25  other invited guests to serious injuries and related damages.

26      20. As a direct and proximate result of the negligence of Defendants, and each of them,
27  Plaintiff was injured in her health, and activity, sustaining bodily injury, which has caused, and
28  will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an

amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

21. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

22. At the time of said injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, ROSA LARA, demands a jury trial and prays for a judgment against all named Defendants and DOES 1 to 50, Inclusive, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For personal property damages according to proof;

4. For pre-judgment and post-judgment interest as allowed by law;

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court may deem just and proper.

Dated: May 5, 2022                              AGHABI LAW, APC


By: _____
ELIE I. AGHABI, ESQ.
Attorneys for Plaintiff,
ROSA LARA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: May 5, 2022                    AGHABI LAW, APC


                               By:    _____
                                      ELIE I. AGHABI, ESQ.
                                      Attorneys for Plaintiff,
                                      ROSA LARA

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B

JONATHAN H. COLMAN (SBN 93652)
JOHN K. FLOCK (SBN 200183)
COLMAN PERKINS LAW GROUP
500 North Brand Boulevard, Suite 2200
Glendale, California 91203
TELEPHONE (818)546-8686
FACSIMILE (818)546-8787

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| ROSA LARA, an individual, | Case No.: 30-2022-01258529-CU-PO-CJC |
| Plaintiffs, | |
| vs. | **DEMAND FOR STATEMENT OF DAMAGES** |
| COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, inclusive, | |
| Defendants. | Complaint Filed: 05/06/2022 |

TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:

Defendant, COSTCO WHOLESALE CORPORATION, pursuant to Code of Civil

Procedure § 425.11, hereby requests that Plaintiff set forth her Statement of Damages, item by

item, including but not limited to each of the following:

1. Hospital expenses and bills, if any;

2. Doctor, nurse, therapist or other medical practitioner expenses and bills, if any;

3. Wage of income loss, if any;

4. Diminution of earning capacity, if any;

5. Real Property damage, if any;

6. Personal property damage, if any;

7. General damages, including but not limited to, pain and suffering, humiliation,

embarrassment, loss of comfort, society, protection and support, disfigurement, etc.

1

**DEMAND FOR STATEMENT OF DAMAGES**



1    Pursuant to Code of Civil Procedure § 425.11, it is request that a response be made to the

2    undersigned within fifteen (15) days of service hereof.

3

4    Dated: June 1, 2022                    COLMAN PERKINS LAW GROUP

5

6

7                                          BY: _____

8                                             JONATHAN H. COLMAN
                                              JOHN K. FLOCK
9                                             Attorneys for Defendant
                                              COSTCO WHOLESALE CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR STATEMENT OF DAMAGES**

*Re:  Lara v. Corporation*
*Case No.: 30-2022-01258529-CU-PO-CJC*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Colman Perkins Law Group, 15615 Alton Parkway, Suite 370, Irvine, California 92618, in said County and State.

     On June 1, 2022, I served the foregoing document described as

### DEMAND FOR STATEMENT OF DAMAGES

on the interested parties in this action as follows:

### PLEASE SEE ATTACHED SERVICE LIST

/ /    **BY MAIL (C.C.P. §§ 1013(a)):** By placing the document listed above in a sealed envelope addressed to the parties set forth on the attached Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/X /    **ONLY BY ELECTRONIC TRANSMISSION:** Only by e-mailing the document(s) from cjacobsen@colmanlawgroup.com to the person(s) at the e-mail address(es) listed on the attached Service List.  This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic because this office will not be sending physical mail as usual, and therefore will be using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy upon request only.

/X/    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  **(C.C.P. § 2015.5)**

/ /    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 1, 2022, at Irvine, California.

Candice VanDeudekom

---

**DEMAND FOR STATEMENT OF DAMAGES**

1

## SERVICE LIST

2

***Re:   Lara v. Corporation***
3      ***Case No.: 30-2022-01258529-CU-PO-CJC***

4      Elie Aghabi, Esq.
       Aghabi Law, APC
5      3450 Wilshire Blvd., Suite 304
6      Los Angeles, CA 90010
       (323)539-8529 Phone
7      (323)879-4813 Fax
       elie@aghabilaw.com
8      Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR STATEMENT OF DAMAGES**

EXHIBIT C

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Jessica C. Covington<br>301816<br>The Wallace Firm, PC<br>16000 Ventura Blvd<br>Encino, Ca 91436 | (818) 476-5998<br>(818) 476-5598 | |

ATTORNEY FOR *(Name)*: Plaintiff, Rosa Lara

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange County
STREET ADDRESS: 700 W. Civic Center Drive
MAILING ADDRESS: 700 W. Civic Center Drive
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: Rosa Lara
DEFENDANT: Costco Wholesale Corporation

| **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | CASE NUMBER:<br>30-2022-01258529-CU-PO-CJC |
|---|---|

To *(name of one defendant only)*: Costco Wholesale Corporation
Plaintiff *(name of one plaintiff only)*: Rosa Lara
seeks damages in the above-entitled action, as follows:

1. **General damages**
   | | | AMOUNT |
   |---|---|---|
   | a. ☒ | Pain, suffering, and inconvenience................................................................ | $ 100,000 |
   | b. ☒ | Emotional distress........................................................................................ | $ 100,000 |
   | c. ☐ | Loss of consortium....................................................................................... | $ |
   | d. ☐ | Loss of society and companionship *(wrongful death actions only)*................. | $ |
   | e. ☐ | Other *(specify)*............................................................................................. | $ |
   | f. ☐ | Other *(specify)*............................................................................................. | $ |
   | g. ☐ | Continued on Attachment 1.g. | |

2. **Special damages**
   | a. ☒ | Medical expenses *(to date)*.......................................................................... | $ *pending* |
   |---|---|---|
   | b. ☒ | Future medical expenses *(present value)*...................................................... | $ *pending* |
   | c. ☐ | Loss of earnings *(to date)*............................................................................ | $ |
   | d. ☐ | Loss of future earning capacity *(present value)*............................................ | $ |
   | e. ☐ | Property damage.......................................................................................... | $ |
   | f. ☐ | Funeral expenses *(wrongful death actions only)*........................................... | $ |
   | g. ☐ | Future contributions *(present value)* *(wrongful death actions only)*.............. | $ |
   | h. ☐ | Value of personal service, advice, or training *(wrongful death actions only)*.. | $ |
   | i. ☐ | Other *(specify)*............................................................................................. | $ |
   | j. ☐ | Other *(specify)*............................................................................................. | $ |
   | k. ☐ | Continued on Attachment 2.k. | |

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*   $ _____
   when pursuing a judgment in the suit filed against you.

Date: 09/20/2022

Jessica C. Covingotn, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
*www.courtinfo.ca.gov*

CEB.com Essential Forms

Lara, Rosa

CIV-050

| PLAINTIFF: Rosa Lara | CASE NUMBER: |
| DEFENDANT: Costco Wholesale Corporation | 30-2022-01258529-CU-PO-CJC |

**PROOF OF SERVICE**

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages  ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving ☐ defendant  ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*

   d. ☐ **Mail and acknowledgment  service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*

   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶
_____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶
_____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

CEB® | Essential
ceb.com | Forms

Lara, Rosa

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                          ) SS:
COUNTY OF LOS ANGELES    )

     I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Los Angeles, California, and my business address is 16000 Ventura Blvd., Suite 440, Encino 91436.

     On September 20, 2022, I caused to be served to the following document: **STATEMENT OF DAMAGES** on the interested parties as follows:

<b>SEE ATTACHED SERVICE LIST</b>

[X]    **By Electronic Mail** – I caused said documents to be sent from e-mail address *bertha@wallacefirm.email* to the persons at the e-mail addresses listed in the Service List.

     By electronic submission of the document(s) to the persons at the e-mail address(es) listed based on notice provided, that during the Coronavirus (Covid-19) pandemic, this office will be working remotely, and is therefore using electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on September 20, 2022, at Santa Clarita, California.

_____
Bertha Marquez

[X]    **Via Mail:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

    [X]    **BY FIRST-CLASS MAIL [Code of Civ. Proc. §§ 1013 and 1013 (a)]**
    [  ]    **BY OVERNIGHT DELIVERY [Code of Civ. Proc. §§ 1013(c) and 1013(d)]**

     I am readily familiar with the firm's practice of collection and proceeding correspondence for mailing. Under that Practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after the date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on September 20, 2022, at Encino, California.

_____
Jasmin Estrada

**THE WALLACE FIRM, PC**
16000 VENTURA BLVD., SUITE 440
ENCINO, CALIFORNIA 91436
Telephone: (818) 476-5998; Facsimile: (818) 476-5598

1

THE WALLACE FIRM, PC
16000 VENTURA BLVD., SUITE 440
ENCINO, CALIFORNIA 91436
Telephone: (818) 476-5598; Facsimile: (818) 476-5598

**SERVICE LIST**

| | |
|---|---|
| **AGHABI LAW, APC.** <br> ELIE I. AGHABI, ESQ., <br> 3450 Wilshire Blvd., Suite 304 <br> Los Angeles, California 90010 <br> Telephone: (323) 539-8529 <br> Facsimile: (323) 879-4813 <br> Email: elie@aghabilaw.com <br> Attorneys/Co-Counsel for Plaintiffs, **ROSA LARA** | **THARPE & HOWELL, LLP** <br> JOHN K. FLOCK, ESQ. <br> 15250 Ventura Boulevard, Ninth Floor <br> Sherman Oaks, CA 91403 <br> Telephone: (818) 205-9955 x 156 <br> Facsimile: (818) 205-9944 <br> Email: Jflock@tharpe-howell.com <br> Attorney for Defendant, **COSTCO WHOLESALE CORPORATION** |

2

**STATEMENT OF DAMAGES**

EXHIBIT D

1
**THARPE & HOWELL, LLP**
2
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
3

4
JOHN K. FLOCK ESQ.; STATE BAR NO.: 200183
Email: jflock@tharpe-howell.com

5
Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION
6

7

8
### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9
### COUNTY OF ORANGE

10

11
ROSA LARA, an individual,                    Case No. 30-2022-01258529-CU-PO-CJC

12
                    Plaintiff,

13
v.                                           **NOTICE OF REMOVAL TO FEDERAL COURT**

14
COSTCO WHOLESALE CORPORATION,
and DOES 1 to 50, Inclusive,                 Complaint Filed:  May 6, 2022
15

16
                    Defendants.

17

18
TO PLAINTIFF ROSA LARA AND HER ATTORNEYS OF RECORD:

19
       PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation

20
("Defendant") has filed a Notice of Removal of this action in the United States District Court for

21
the Central District of California, Southern Division, pursuant to 28 U.S.C. § 1332, 1334, 1441,

22
1446, and 1452, and as otherwise provided by law.

23
       A true and correct copy of said Notice of Removal is attached to this notice and

24
incorporated herein by this reference as Exhibit "A", and is served and filed herewith.

25
/ / /

26
/ / /

27
/ / /

28
/ / /

- 1 -
NOTICE OF REMOVAL TO FEDERAL COURT

1   Dated:  September 22, 2022                    THARPE & HOWELL, LLP

2

3                                               By:_____

4                                                  JOHN K. FLOCK
                                                   Attorneys for Defendant,
5                                                  COSTCO WHOLESALE
                                                   CORPORATION

6

7

8

9

10

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.   I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL TO FEDERAL COURT**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Elie I. Aghabi, Esq.<br>AGHABI LAW, APC<br>A Professional Law Corporation<br>3450 Wilshire Boulevard, Suite 304<br>Los Angeles, CA  90010<br>(323) 539-8529 Phone<br>(323)879-4813 Fax<br>elie@aghabilaw.com | Attorneys for Plaintiff,<br>ROSA LARA |
| Bradley S. Wallace, Esq.<br>Jessica C. Covington, Esq.<br>The Wallace Firm, PC<br>16000 Ventura Blvd., Suite 440<br>Encino, CA 91436<br>(818) 476-5998 Phone<br>(818) 476-5598 Fax<br>jessica@wallacefirm.email<br>bertha@wallacefirm.email<br>xiomara@wallacefirm.email | Attorneys for Plaintiff<br>ROSA LARA |

5.   a.   ____   **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b.   ____   **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

(1)   ____   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

THARPE & HOWELL, LLP<br>15250 Ventura Boulevard, Ninth Floor<br>Sherman Oaks, California 91403-3221

- 3 -
NOTICE OF REMOVAL TO FEDERAL COURT

(2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e. **X** **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 9/22/2022 | Candice VanDeudekom | |
|-----------|---------------------|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32976\Pleadings\Ntc Removal to Federal Court.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.  I served copies of the following documents (specify the exact title of each document served):

    **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B))**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Elie I. Aghabi, Esq.<br>AGHABI LAW, APC<br>A Professional Law Corporation<br>3450 Wilshire Boulevard, Suite 304<br>Los Angeles, CA  90010<br>(323) 539-8529 Phone<br>(323)879-4813 Fax<br>elie@aghabilaw.com | Attorneys for Plaintiff,<br>ROSA LARA |
| Bradley S. Wallace, Esq.<br>Jessica C. Covington, Esq.<br>The Wallace Firm, PC<br>16000 Ventura Blvd., Suite 440<br>Encino, CA 91436<br>(818) 476-5998 Phone<br>(818) 476-5598 Fax<br>jessica@wallacefirm.email<br>bertha@wallacefirm.email<br>xiomara@wallacefirm.email | Attorneys for Plaintiff<br>ROSA LARA |

5.  a __.__ **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b. __.__ **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

(1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e. **X** **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.    I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 9/22/2022 | Candice VanDeudekom | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32976\Pleadings\FEDERAL\Ntc of Removal - Diversity.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)